UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 20-134 |
| v. | * | SECTION: M |
| MICHEAL WOOTEN<br>a/k/a "Michael Wooten" | * | |
| * * * | | |

## FACTUAL BASIS

The United States and defendant **MICHEAL WOOTEN** a/k/a "Michael Wooten" ("**WOOTEN**") stipulate and agree that the below facts are true and that they would have been proven beyond a reasonable doubt had this matter proceeded to trial. The United States and **WOOTEN** further stipulate and agree that these facts provide a sufficient basis for a plea of guilty to Count 1 of the above-captioned indictment's charge that **WOOTEN** violated Title 18, United States Code, Section 371. The below facts are offered for the purpose of establishing a sufficient factual basis to support the guilty plea and therefore do not necessarily describe all the details of the offense or **WOOTEN**'s complete knowledge of the offense.

As explained below, **WOOTEN** and other persons made an agreement to interfere by dishonest means with the United States Coast Guard's ("USCG") lawful functions of issuing merchant mariner credential ("MMC") endorsements and of administering related examinations. **WOOTEN** knew that the purpose of the agreement was to defraud the United States government and joined in it willfully, that is, with the intent to defraud. During the conspiracy's existence, and in order to accomplish the conspiracy's objects and purposes, conspirators knowingly committed overt acts, including falsely reporting in USCG computer systems that examinations were passed.



AUSA _CM_
Defendant _MW_
Defense Counsel

### A. At all times relevant herein:

The United States Coast Guard's ("USCG") governmental functions, as authorized by federal statutes and regulations ("federal law"), included, among other things, the administration, regulation, and enforcement of the regulations and laws relating to the issuance of merchant mariner credentials ("MMCs") and related endorsements, including the applications and examinations associated with MMCs and endorsements. Under federal law, all mariners employed aboard United States merchant vessels greater than 100 gross registered tonnage, with a few limited exceptions, were required to have valid MMCs. Furthermore, to serve in various positions, federal law required mariners to have particular endorsements added to their MMCs. In order to obtain an MMC, a mariner was required to meet various requirements and to take an oath, promising to faithfully and honestly perform all the duties required by the laws of the United States.

Endorsements determined what position mariners could work, on what kind of vessels, and in what waters. The presence of an endorsement on an MMC indicated that the mariner was qualified to serve in the specified capacity and had met all legal requirements for that endorsement. Federal law prohibited a mariner from serving in a position for which the mariner lacked the required endorsement. Similarly, federal law prohibited a business from employing a mariner in a position for which the mariner lacked the required endorsement.

For many endorsements, federal law required mariners to pass USCG-administered examinations. These examinations tested mariners' knowledge and training to safely operate under the authority of the endorsements. The examinations, which typically consisted of numerous separately-graded modules, were administered at USCG regional exam centers. One such regional exam center, known as REC New Orleans, was located in Mandeville, Louisiana, in the Eastern

2



AUSA CM
Defendant UW
Defense Counsel

District of Louisiana. USCG employees at the regional exam centers entered the scores into a United States Coast Guard computer system used to manage the issuance of credentials to mariners and to process applications for MMCs and endorsements.

In some situations, passing an examination for one endorsement could enable a mariner to obtain one or more additional endorsements. This could occur, for example, if the examination fulfilled a requirement for an additional endorsement or if obtaining the tested-for endorsement fulfilled a requirement for an additional endorsement.

**WOOTEN** worked in the maritime industry and possessed an MMC since in or about April 2012. Beverly McCrary ("McCrary") was employed by the United States Coast Guard as a credentialing specialist at REC New Orleans until in or about August 2015. Sharron Robinson ("Robinson") was a maritime industry worker known to **WOOTEN**.

**B.   WOOTEN conspired to defraud the United States in order to obtain false passing examination scores and unearned endorsements**

In or about 2014, McCrary and Robinson informed **WOOTEN** of a conspiracy to interfere with the USCG's lawful governmental functions through dishonest means. Specifically, Robinson and McCrary informed **WOOTEN** that McCrary could cause a USCG employee at REC New Orleans to falsely report that credential applicants passed examinations required for endorsements. In or around 2014, **WOOTEN** and McCrary agreed that **WOOTEN** would participate in the scheme by acting as an intermediary between McCrary and credential applicants who were willing to pay money for false passing scores. **WOOTEN** then proceeded to recruit mariners to participate in the scheme. **WOOTEN** informed mariners that he could arrange for them to receive false passing examination scores at REC New Orleans and could thereby aid them in obtaining endorsements to which they were not lawfully entitled.

3


AUSA
Defendant
Defense Counsel

When a mariner agreed to participate in the scheme, **WOOTEN** would instruct the mariner to provide **WOOTEN** with money and information about the desired endorsement. **WOOTEN** charged mariners up to approximately $5,000 for a false scores to obtain an endorsement. **WOOTEN** would keep a portion of the mariner's payment prior to delivering the rest to McCrary. **WOOTEN** understood that McCrary would keep a portion of that money for herself and use the rest to bribe the REC employee. **WOOTEN** would also provide McCrary with the mariner's identity and other information that the REC employee would need to falsely enter passing scores.

From in or about April 2014 to in or about December 2018, **WOOTEN**, by having provided money and information to McCrary, caused the REC employee to falsely report that the following applicants passed examinations required for endorsements: Jonathan Abbey, K.B.N., David Galvan, Edward Jones, C.L, Fredrick Nettles, Octavian Richards, L.R, and K.W. By engaging in this conduct, **WOOTEN** aided and abetted these applicants in defrauding the United States and in obtaining unearned endorsements. For each of these applicants, with the exception of David Galvan, **WOOTEN** personally and directly formed an agreement with the applicant to arrange for the applicant to receive false passing examination scores. For David Galvan, **WOOTEN** formed such an agreement with Octavian Richards, who acted as an intermediary on Galvan's behalf.

**WOOTEN** also arranged with McCrary for **WOOTEN** to receive false passing examination scores for what are known as Third Assistant Engineer Unlimited Horsepower, Assistant Engineer Less Than 1600 Gross Registered Tonnage, and Designated Duty Engineer Unlimited Horsepower Less Than 500 Gross Registered Tonnage endorsements. **WOOTEN** paid McCrary a sum of money in exchange for McCrary arranging for the REC employee to falsely report that **WOOTEN** had passed the examinations required for these endorsements. Pursuant to

4

AUSA _CM_
Defendant _MW_
Defense Counsel

this agreement, **WOOTEN** paid McCrary a sum of money. As a result of **WOOTEN**'s conduct, on or about June 13, 2014, 2014, the REC employee falsely reported in a USCG computer system that **WOOTEN** had passed the examinations associated with his application for the endorsements, which resulting in the issuance of the endorsements.

_____  4/9/2021
CHANDRA MENON                    Date
Assistant United States Attorney

_____  Apirl 14, 2021
AMOS CORMIER III                 Date
Counsel for Defendant

_____  14 April 2021
MICHEAL WOOTEN                   Date
Defendant

5